GEORGE LAMONT V. THE STATE.

No. 3014.   Decided February 18, 1914.

**1.—Gaming—Trial of Case—Practice on Appeal.**

Where defendant in his motion for new trial complained that after the State and he had announced ready for trial, the testimony had been introduced and the argument closed, the court suspended the trial and went into the trial of a companion case, etc., but this matter was not properly verified in the record, the same can not be considered on appeal.

**2.—Same—Statement of Facts.**

In the absence of a statement of facts, questions relating thereto can not be considered on appeal.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This case is before us without a statement of facts or bills of exception.

The first ground of the motion for new trial, had it occurred as alleged and been properly verified, might have presented a serious question, but it is not verified in any way. It alleges as a ground of the motion that after the State and defendant had announced ready for trial, and the testimony had all been introduced, opening argument of counsel was made by the State, and argument for defendant closed, the court suspended the trial of said cause, over appellant's objection, and went into the trial of a companion case, The State v. Terry, the evidence in both cases being identical. The court forced the defendant in the Terry case to draw a jury from the same panel of jurors trying this case, and the same jury to a man was drawn to try the case, and the Terry case

proceeded to trial with indentically the same jury. This put the burden upon the said jury to try two cases, and to have in mind at the same time all the facts connected with both cases, and in a manner that in deliberating upon one of the cases they could not exclude from their minds the evidence in the other. When they had finished the Terry case and rendered a verdict they were called back into the jury box to proceed with the trial in this case; that some of the jurors, while rendering their verdict in the Terry case, were of the opinion that their verdict was to cover both the cases, and that they were trying both cases together, and thought they had disposed of this case until they were called back to proceed with it; that the jury were influenced in this case by the testimony in the Terry case. In support of this ground of his motion, the defendant says he files herewith as a part hereof the affidavit of J. M. Farr, but the affidavit was not filed nor any bill of exceptions reserved. By the simple allegation in the motion, with nothing to verify it either by affidavit or bill of exceptions, and without the statement of facts, we are unable to revise this ground.

The remaining ground of the motion relates to the statement of facts which can not be considered because the evidence is not before us. Had the first ground mentioned been properly verified and properly presented as alleged, it would have presented a very serious question and a fatal error to the conviction. As presented, however, the judgment is affirmed.

*Affirmed.*